MARY DRYOVAGE, Cal. Bar No. 112551
Law Offices of Mary Dryovage
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone: 415-593-0095
Facsimile: 415-593-0096
Email: mdryovage@igc.org

MARK D. ROTH, General Counsel, *Pro Hac Vice*
ANDRES M. GRAJALES, *Pro Hac Vice*
American Federation of Government Employees
80 F. Street, N.W.
Washington, D.C. 20001
Telephone: 202-639-6426
Facsimile: 202-639-6441
Email: Grajaa@afge.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO OZUNA, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN FEDERATION OF GOV'T EMPLOYEES, COUNCIL OF PRISON LOCALS, LOCAL 3584, *et al.*,<br><br>    Defendants. | Case No.: CV 07-05034 (JCS)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FRCP 12(b)(1) and (b)(6)**<br><br>Date:     February 15, 2008<br>Time:     9:30 a.m.<br>Courtroom: A, 15th Floor<br>Before:   Hon. Joseph C. Spero |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Friday February 15, 2008 at 9:30 a.m. in the

Courtroom of the Honorable Joseph C. Spero, United states District Judge, Courtroom A, 15th

Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California,

Defendants, American Federation of Government Employees, Council of Prison Locals, Local 3584 and John Gage, et al., represented by Mary Dryovage and Andres M. Grajales will move the Court for an order dismissing this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants American Federation of Government Employees, Council of Prison Locals, Local 3584 ("Local 3584") and John Gage ("Gage") (collectively "defendants") submit this memorandum in support of their motion to dismiss the instant action brought against them by plaintiff Antonio Ozuna, Jr. Defendants move to dismiss this action pursuant to FRCivP 12(b)(1) and FRCivP 12(b)(6).

First, defendants move to dismiss this action pursuant to FRCivP 12(b)(1) because Title VII of the Civil Service Reform Act (the "CSRA"), codified as the Federal Service Labor Management Relations Statute (the "FSLMRS" or "the Statute"), 5 U.S.C. § 7101, *et seq.*, completely deprives this Court of subject matter jurisdiction over plaintiff's duty of fair representation claim. Next, and alternatively, defendants move to dismiss this action pursuant to FRCivP 12(b)(6) for two reasons. One, because, analyzed under any statutory scheme, plaintiff fails to adequately plead his claim that defendants breached a duty of fair representation that they allegedly owed to him. Two, defendant Gage moves to dismiss plaintiff's action as to him because plaintiff fails to make any factual allegations relevant to defendant Gage, and, even if the complaint could be construed as making factual allegations against defendant Gage, the

Statute precludes defendant Gage's individual liability for actions allegedly taken by him in his capacity as a union representative or officer.

## BACKGROUND

In his single count complaint, plaintiff alleges that defendants breached a duty of fair representation that they allegedly owed him under section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 185.  More specifically, plaintiff begins his case by conceding that he is a federal employee, employed by the United States Department of Justice, Federal Bureau of Prisons.  *Compl.* ¶ 1.

Plaintiff then alleges that "on or about October 26, 2006" the Federal Bureau of Prisons (the "BOP") illegally denied plaintiff a promotion based on his "race, sex, age, disability, national origin and color."/1  *Compl*. ¶ 2.  In connection with the BOP's non-selection of him for this promotion, plaintiff goes on to allege that defendants (particularly Local 3584, who he alleges is the labor union certified as the exclusive representative for BOP employees) "took no action to protest or to counter" the BOP's alleged discrimination against him despite his alleged "timely demands for action on his behalf."  *Compl*. ¶¶ 6 (regarding exclusive representative status) and 7 (alleging defendants' failure to act).

Plaintiff does not allege that defendants' alleged failure to act on his behalf was deliberate, arbitrary or undertaken in bad faith.  Likewise, although plaintiff includes defendant Gage in his case caption and identifies him as a party, *Compl*. ¶ 4, plaintiff does not make any

---

1  Defendants do not waive any Statute of Limitations defense that they may have available in this case.  Considering that plaintiff did not file this action until September 2007 even though he admits that his alleged non-selection occurred in October 2006, it appears that plaintiff's action is barred by any potentially applicable Statute of Limitations.  *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (6-month Statute of Limitations for duty of fair representation claims under the LMRA); *and* 5 U.S.C. § 7118 (a)(4)(A) (6-month Statute of Limitations under the FSLMRS).

factual allegations as to defendant Gage. Nevertheless, based on the above allegations plaintiff concludes that defendants violated section 301 of the LMRA. *Compl.* ¶ 1.

## ARGUMENT

### I. THIS CASE MUST BE DISMISSED WITH PREJUDICE PURSUANT TO FRCivP 12(b)(1) BECAUSE THE FSLMRS COMPLETELY DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM

While it is true that section 301 of the LMRA allows some private sector employees to enforce a union's duty of fair representation in federal district court, as a matter of law the LMRA does not apply to federal employees such as plaintiff. *See* 5 U.S.C. § 7101(b) ("It is the purpose of this chapter to prescribe certain rights and obligations of the employees of the Federal Government and to establish procedures which are designed to meet the special requirements and needs of the Government.")

Instead, all labor-management relations among federal employees, federal employee unions and the United States (including its agencies such as the BOP) are governed exclusively by the FSLMRS. *See Karahalios v. National Federation of Federal Employees*, 489 U.S. 527, 531, 109 S.Ct. 1282, 1286, 103 L.Ed.2d 539 (1989) ("Since 1978, Title VII of the CSRA has been the controlling authority [for federal sector labor relations.]") Thus, any powers or duties that defendants may have owed (based on their status as a labor union) to plaintiff (based on his status as a federal employee) are set forth in the FSLMRS.

Analyzed under the correct framework of the FSLMRS, plaintiff's case against defendants must be dismissed with prejudice pursuant to FRCivP 12(b)(1). This is so because the FSLMRS has no equivalent to section 301 of the LMRA, and does not allow federal employees like Mr. Ozuna to bring claims concerning their union's duty of fair representation

into court. *Karahalios*, 489 U.S. at 536, 109 S.Ct. 1282 ("Section 301 has no equivalent under Title VII . . .")

Indeed, in *Karahalios*, *supra*, the Supreme Court clearly and unequivocally ruled that the FSLMRS completely preempts both federal and state court jurisdiction over all matters that fall within its scope, including claims that a federal employee's union breached a duty of fair representation owed to that federal employee. *Karahalios*, 489 U.S. at 536-537 ("Had Congress intended the courts to enforce a federal employees union's duty of fair representation, we would expect to find some evidence of that intent in the [S]tatute or its legislative history. **We find none**.") (emphasis added).

In reaching this conclusion, the Supreme Court relied on the Statute's unique treatment of both the federal sector duty of fair representation and federal sector unfair labor practice claims. More specifically, the *Karahalios* Court noted that, unlike its private sector counterparts, the Statute expressly establishes a duty of fair representation, and expressly makes its breach an unfair labor practice. *Karahalios*, 489 U.S. at 532, 109 S.Ct. 1286 ("Title VII also makes it clear that a breach of the duty of fair representation is an unfair labor practice . . ."); s*ee also* 5 U.S.C. § 7114(a) (establishing the federal sector duty of fair representation), *and* 5 U.S.C. § 7116(b)(8) (making a union's failure to comply with any provision of the Statute an unfair labor practice).

The Supreme Court then acknowledged that, in addition to making a breach of the duty of fair representation an unfair labor practice, the Statute vests **exclusive** original jurisdiction over all federal sector unfair labor practice claims with the United States Federal Labor Relations Authority (the "FLRA"). *Karahalios*, 489 U.S. at 532, 109 S.Ct. 1286 ("Under § 7118, unfair labor practice complaints are adjudicated by the FLRA . . ."); *see also* 5 U.S.C. § 7118(a)(1).

Defendants' Memo in Support of
Motion to Dismiss                                -5-
C-07-05034 (JCS)

The Court found that the FLRA's exclusive jurisdiction over all federal unfair labor practice claims precluded any private cause of action, in part because:

> [T]he Title provides recourse to the courts in only three instances: with specified exceptions, persons aggrieved by a final order may seek review in the appropriate court of appeals, § 7123(a); the FLRA may seek judicial enforcement of its orders, § 7123(b); and temporary injunctive is available to the FLRA to assist it in the discharge of its duties, § 7123(d).

*Karahalios*, 489 U.S. at 532, 109 S.Ct. at 1286. Based on the Statute's grant of exclusive jurisdiction over unfair labor practice claims to the FLRA and its express restriction on judicial review of those claims, the Court concluded that:

> [N]either the language nor the structure of the [Statute] shows any congressional intent to provide a private cause of action to enforce federal employees unions' duty of fair representation. That duty is expressly recognized in the [Statute], and an administrative remedy for its breach is expressly provided for before the FLRA, a body created by Congress to enforce the duties imposed on agencies and unions by Title VII, including the duty of fair representation. Nothing in the legislative history of Title VII has been called to our attention indicating that Congress contemplated direct judicial enforcement of the union's duty.

*Id*, 489 U.S. at 533, 109 S.Ct. at 1287.

Put simply, it is settled law that the FSLMRS provides the exclusive remedy for federal employees with employment related disputes, including all claims by a federal employee that his union breached a duty of fair representation owed to him. *Id*; *see also*, *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988); *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Russell v. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) ("CSRA provides a comprehensive scheme for administrative and judicial review of personnel actions and practices"); *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125 (9th Cir. 2002) (finding preemption even where Statute fails to provide a remedy).

Based on the above, and on its face, plaintiff's case is fatally flawed and must be dismissed with prejudice for two intertwined reasons. First, as mentioned above, plaintiff attempts to sue defendants under a statute (the LMRA) that does not apply to him, his employer, or to defendants. Plaintiff concedes that he is a federal employee, and there can be no doubt that the U.S. Department of Justice, **Federal** Bureau of Prisons, is a federal employer. Likewise, by describing defendants as the certified collective bargaining representative of the plaintiff's bargaining unit, plaintiff acknowledges that even under plaintiff's construction of the facts the union here represents federal employees. *Compl.* ¶ 6; *see also American Federation of Government Employees, Local 3584, and U.S. Dep't of Justice, Federal Bureau of Prisons*, 58 F.L.R.A. 473 (2003) (applying the Statute in a case involving Local 3584 and the BOP).

Thus, it cannot reasonably be disputed that the LMRA does not apply to this case. In turn, because the LMRA does not apply to this case it cannot provide a statutory basis for this Court to exercise subject matter jurisdiction over plaintiff's claim. Therefore, this action must be dismissed with prejudice pursuant to FRCivP 12(b)(1) for lack of subject matter jurisdiction.

Second, even assuming plaintiff had brought this case under the correct statute (which he did not), plaintiff's case must still be dismissed for lack of subject matter jurisdiction because it presents a textbook case in favor of complete preclusion by the FSLMRS. *Cf. Fowlkes v. Nat'l Archive and Records Administration, et al.*, 2006 WL 3545105 at *1 (S.D. Ohio 2006) ("Pursuant to the [FSLMRS], Plaintiff must litigate his claim that Defendant AFGE violated its duty of fair representation by raising it with the Federal Labor Relations Authority.")

Plaintiff explicitly brings this action as a, "COMPLAINT FOR BREACH OF UNION'S DUTY OF FAIR REPRESENTATION (29USCA Sec. 185)." *Compl.*, caption. Thus, there is no question as to what type of claim plaintiff seeks to assert against defendants. Moreover, as

Defendants' Memo in Support of
Motion to Dismiss                                   -7-
C-07-05034 (JCS)

discussed above, there is also no question that the FSLMRS and *Karahalios* expressly forbid plaintiff, along with all other federal employees, from bringing this precise duty of fair representation-based claim before this Court or any other court.

The only way that plaintiff may conceivably pursue his allegation that defendants breached a duty of fair representation allegedly owed to him is by filing an unfair labor practice charge against defendants with the FLRA. In other words, there is not now nor will there ever be any court that has original subject matter jurisdiction over plaintiff's duty of fair representation claim against defendants. Therefore, and for all the reasons above, this action must be dismissed with prejudice pursuant to FRCivP 12(b)(1).

## II. THIS CASE MUST BE DISMISSED PURSUANT TO FRCivP 12(b)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

As mentioned above, and assuming *arguendo* that this Court has jurisdiction over plaintiff's claim, this case must nevertheless be dismissed pursuant to FRCivP 12(b)(6) for two reasons. These two reasons are: 1) plaintiff's complaint does not state a claim upon which relief may be granted because plaintiff fails to plead a breach of the duty of fair representation; and 2) plaintiff fails to state a claim as to defendant Gage because the Statute precludes Gage's individual liability for actions allegedly taken by him in his capacity as a union representative or officer.

First, plaintiff's case must be dismissed for failure to state a claim because, looked at under any statutory framework and were his claim not completely precluded by the Statute (which it is), plaintiff simply fails to plead a breach of the duty of fair representation. It is well-established that not all failures or refusals by a union to act on a bargaining unit employee's behalf are actionable.

Defendants' Memo in Support of
Motion to Dismiss                                -8-
C-07-05034 (JCS)

Under both the LMRA and the FSLMRS, in order for a plaintiff to plead a facially sufficient claim that a union breached its duty of fair representation the plaintiff must show that the union's failure or refusal to act was arbitrary, discriminatory, or in bad faith. *See Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) (LMRA); *Marquez v. Screen Actors Guild, Inc., et al.*, 523 U.S. 33, 119 S.Ct.. 292, 142 L.Ed.2d 242 (1998) (applying *Vaca* to affirm dismissal of duty of fair representation claim); *see also*, *American Federation of Government Employees, Local 3529, and Jerry Cyncynatus*, 31 F.L.R.A. 1208, 1212 (1988), *quoting Nat'l Federation of Federal Employees, Local 1453*, 23 F.L.R.A. 686 (1986) (holding under the FSLMRS that, " . . . the union's actions must amount to more than mere negligence or ineptitude, the union must have acted arbitrarily or in bad faith, and the action must have resulted in disparate or discriminatory treatment of a bargaining unit employee.") In other words, a mere failure to act does not equate to a breach of the duty of fair representation.

Here, plaintiff only alleges a mere failure to act by defendants. *Compl*. ¶ 7. More specifically, although plaintiff alleges that BOP's non-selection of him for promotion was motivated by impermissible discrimination, and he claims that he obtained a right to sue letter against defendants from the U.S. Equal Employment Opportunity Commission, plaintiff does not allege that defendants' alleged failure to represent him was arbitrary, discriminatory, or undertaken in bad faith. *Compl*. ¶¶ 2, 8.

Moreover, while plaintiff refers to a right to sue letter, he does not allege any nexus between that alleged letter and his claims in this action nor does he even attach a copy of that letter to his complaint. Plaintiff merely alleges that "Defendants took no action." *Compl*. ¶ 7. Plaintiff's bare-bones allegation of a failure to act by defendants is insufficient to plead a breach

of the duty of fair representation. Therefore, plaintiff's case must be dismissed pursuant to FRCivP 12(b)(6).

Turning to the second reason plaintiff's case must be dismissed for failure to state a claim upon which relief may be granted, plaintiff's claim as to defendant Gage must be dismissed with prejudice pursuant to FRCivP 12(b)(6) because the Statute precludes Gage's individual liability for actions allegedly taken by him in his capacity as a union representative or officer.

Whether considered under the LMRA or the FSLMRS, union members or officers are not subject to individual liability for their union's alleged breach of the duty of fair representation. *See Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249, 82 S.Ct. 1318, 1325 (1962) (no individual liability under the LMRA); *accord Evangelista v. Inlandboatmen's Union*, 777 F.2d 1390, 1400 (9th Cir. 1985) (individual union members immune from liability for union's alleged breach of duty of fair representation); *see also* 5 U.S.C. § 7116(b)(8) (limiting liability under the FSLMRS for a union's breach of its duty of fair representation exclusively to the "labor organization"); *accord Montplaisir v. Leighton*, 875 F.2d 1, 4-8 (1st Cir. 1989) ("[T]he *Atkinson* principle extends to federal-sector employment.").

Here, not only does plaintiff fail to state a claim against Gage in the purest sense of the term by failing to make any factual allegations relevant to Gage, *Compl.* ¶ 4, plaintiff again attempts to that which is expressly forbidden by the Statute; bring a duty of fair representation claim against an alleged union officer (Gage) in his individual capacity. The Statute does not allow for Gage's individual liability in this case. Therefore, as to defendant Gage, this action must be dismissed with prejudice pursuant to FRCivP 12(b)(6).

## CONCLUSION

For all the reasons above, defendants respectfully request that the Court dismiss this action with prejudice.

    Respectfully submitted

/s/ Mary Dryovage
Mary Dryovage (CA SBN 112551)
Law Offices of Mary Dryovage
600 Harrison Street, Suite 120
San Francisco, CA 94107
(415) 593-0095
(415) 593-0096 (fax)
mdryovage@igc.org

/s/ Mark D. Roth
Mark D. Roth
General Counsel

/s/ Andres M. Grajales
Andres M. Grajales
Staff Counsel
AFGE, Office of the General Counsel
80 F. Street, N.W.
Washington, D.C. 20001
(202) 639-6426
(202) 639-6441 (fax)
Grajaa@afge.org

Attorneys for Defendants

Dated: December 18, 2007

Defendants' Memo in Support of
Motion to Dismiss                    -11-
C-07-05034 (JCS)